UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EDSAL MANUFACTURING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JS PRODUCTS, INC. <br><br> Defendant. | Case No. 2:23-cv-00972-RFB-NJK <br><br> **Order** <br><br> [Docket Nos. 21, 23, 25] |

Pending before the Court is Defendant's motion to stay discovery. Docket No. 21. The Court has considered Defendant's motion and Plaintiff's response. Docket Nos. 21, 22. No reply was filed. *See* Docket. Also pending before the Court is Plaintiff's motion to compel. Docket No. 23. The Court has considered the motion, Defendant's response, Plaintiff's reply. Docket Nos. 23, 24, 26. Finally pending before the Court is Defendant's countermotion for protective order staying, or alternatively, extending time to respond to, discovery. Docket No. 25. The Court has considered the motion, Plaintiff's response, and Defendant's reply. Docket Nos. 25, 27, 28. These motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

Plaintiff filed a complaint against Defendant for alleged patent infringement of Plaintiff's shelving product design. *See* Docket No. 1 at 2-4. Defendant filed an answer and raised, in pertinent part, an affirmative defense of obviousness. *See* Docket No. 14 at 4. Defendant subsequently filed a motion to stay the case pending the federal circuit's decision in *LKQ Corp. v. GM Global Technology Operations LLC*, Case No. 2021-2348. Docket No. 17. The motion remains pending with the Court and a decision has not been issued.[1] During the pendency of the motion to stay the case, the parties filed the instant motions relating to discovery.

---

[1] The undersigned only addresses the discovery-related motions herein and does not reach the merits of the pending motion to stay the case.

1

## II. LEGAL STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 331 (D. Nev. 2016) (alteration in original). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). Conversely, a party from whom discovery is sought may move for a protective order. *See* Fed. R. Civ. P. 26(c). For good cause shown, courts may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See id*. Courts possess broad discretion in determining what constitutes good cause to issue a protective order and in fashioning the terms of such protective order." *Tomahawk Manufacturing, Inc. v. Spherical Industries, Inc.*, --- F.R.D. ---, ---, 2023 WL 6474632, at *1 (D. Nev. Sept. 20, 2023). "It has long been clear that the party resisting discovery bears a heavy burden of showing why that discovery should be denied." *V5 Techs. v.*

*Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev. 2019). "The party seeking entry of a protective order bears the burden of establishing good cause." *Tomahawk Manufacturing, Inc.*, 2023 WL 6474632, at *1.

### III.  ANALYSIS

#### A.  Defendant's motion to stay discovery

Defendant asks the Court to stay the entry of the proposed scheduling order, as well as any and all discovery until the Court rules on the pending motion to stay the case. *See* Docket No. 21 at 1. Defendant incorporates the memorandum of points and authorities in its motion to stay the case as the basis for the stay of discovery. *See id*. at 2. In response, Plaintiff submits that Defendant fails to identify and address the law applicable to a stay of discovery. *See* Docket No. 22 at 2.

The Court finds that Defendant fails to establish that a stay of discovery is warranted in this case. By incorporating the memorandum of points and authorities in its motion to stay the case, Defendant fails to address the applicable legal standards to establish a stay of discovery.[2] Defendant submits no legal support or evidence that the pending motion to stay the case is potentially dispositive, whether it can be decided without additional discovery, or whether it survives the Court's preliminary peek. *See Kor Media Grp., LLC*, 294 F.R.D. at 581. In any event, a motion to stay a case is not, by its nature, a dispositive motion and, therefore, Defendant has not demonstrated that a stay of discovery is appropriate.

Accordingly, Defendant's motion to stay discovery will be denied.

#### B.  Plaintiff's motion to compel

Plaintiff moves to compel Defendant to respond to outstanding discovery requests. Docket No. 23 at 1. Plaintiff submits that Defendant has failed to respond to this discovery due to the

---

[2] Such messy litigation practice makes it difficult to discern the relief Defendant seeks, and whether Defendant has addressed the relevant legal standards. "The district court has considerable latitude in managing the parties' motion practice." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). "In exercising this broad discretion, courts may prohibit parties from filing future briefs that incorporate arguments made elsewhere." *See Lescinsky v. Clark County School District*, 539 F.Supp.3d 1121, 1129 n.8 (D. Nev. 2021). Both parties are prohibited from filing future briefs that incorporate arguments by reference in the instant case.

pending motions to stay which, Plaintiff submits do not excuse Defendant from participating in discovery. *See id*. at 3. Plaintiff further submits that, had Defendant moved for a protective order, that pending motion would also not excuse Defendant's failure to engage in the discovery process. *See id*. In response, Defendant submits that it does not believe it should be compelled to engage in discovery because it has moved for a protective order in the form of submitting motions to stay the case, stay the entry of a scheduling order, and stay discovery. Docket No. 24 at 3-4. In reply, Plaintiff maintains that Defendant was required to respond to the discovery requests while the motions to stay were pending. *See* Docket No. 26 at 3.

The Court finds that Defendant fails to meet its burden of showing why discovery should not be permitted. Defendant fails to include points and authorities as part of its response, which "constitutes a consent to granting the motion." *See* Local Rule 7-2(d). Moreover, filing a motion to stay the case or motion to stay discovery does not, in and of itself, relieve Defendant from engaging in discovery. *See PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1094 (D. Nev. 2022) ("It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay"). By failing to engage in discovery, Defendant has, in effect, granted itself a stay of the case and discovery. *See id.*; *see also, Willemijn Houdstermaastschaapij BV v. Apollo Comput. Inc.*, 707 F.Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery on the damages issue, it need no longer obey basic discovery rules. Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all"). Thus, Defendant has failed to demonstrate why the discovery sought should not be permitted.

Accordingly, the Court grants Plaintiff's motion to compel.

### C. Defendant's countermotion for protective order

Defendant seeks a protective order staying, or alternatively extending time to respond to, discovery. Docket No. 25. Defendant submits that it seeks a protective order to avoid the

4

unnecessary costs and expense of discovery pending a ruling by the federal circuit in the *LKQ Corp.* case. *See id.* at 5.³

"A party claiming undue burden or expense ordinarily has far better information - perhaps the only information - with respect to that part of the determination." Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015). "As a result, it has long been clear that a party claiming that discovery imposes an undue burden must allege specific facts [that] indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Nationstar Mortgage, LLC*, 316 F.R.D. at 334 (internal citation and quotation marks omitted). "Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Id*.

The Court finds that Defendant fails to establish good cause to warrant the entry of a protective order. Defendant's request for a protective order to avoid the undue cost and expense of conducting discovery is based on speculation that the federal circuit will clarify or set forth a new test for the "obviousness standard" in patent infringement cases. Docket No. 28 at 3. Defendant further speculates that the change in applicable law will lead to appeals, motions to reconsider, and discovery-related motion practice. *See id.* at 2. Such speculation is insufficient to warrant a protective order. *See Nationstar Mortgage, LLC*, 316 F.R.D. at 334.

Accordingly, the Court will deny Defendant's countermotion for protective order.

---

³Defendant, for the first time, appears to address the legal standards for a motion to stay discovery in its reply in support of its motion for a protective order. *See* Docket No. 28 at 2-3. Not only has Defendant raised these arguments in the wrong filing, it is also improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. *See Carstarphen v. Milsner*, 594 F.Supp.2d 1201, 1204 n.1 (D. Nev. 2009). The Court will not consider such newly submitted arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief").

5

## IV.   CONCLUSION

For the reasons more fully discussed above, Defendant's motion to stay discovery is **DENIED**.  Docket No. 21.  Plaintiff's motion to compel is **GRANTED**.  Docket No. 23. Defendant is **ORDERED** to respond to Plaintiff's First Set of Interrogatories and Requests for Documents no later than November 29, 2023.  Defendant's countermotion for protective order is **DENIED**.  Docket No. 25.

IT IS SO ORDERED.

Dated: November 15, 2023

_____
Nancy J. Koppe
United States Magistrate Judge