# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDSAL MANUFACTURING COMPANY, INC., <br><br>         Plaintiff, <br><br> v. <br><br> JS PRODUCTS, INC. <br><br>         Defendant. | Case No. 2:23-cv-00972-RFB-NJK <br><br> **Order** <br><br> [Docket No. 31] |

Pending before the Court is Plaintiff's motion for an order to show cause. Docket No. 31. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 31, 34, 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I.   BACKGROUND

On June 23, 2023, Plaintiff filed a complaint against Defendant alleging patent infringement of Plaintiff's shelving product design. *See* Docket No. 1 at 2-4. Shortly after it filed its answer, Defendant filed a motion to stay the case pending the federal circuit's decision in *LKQ Corp. v. GM Global Technology Operations LLC*, Case No. 2021-2348. Docket No. 17. That motion remains pending.[1]

On September 14, 2023, the parties filed a joint stipulated discovery plan and scheduling order. Docket No. 20. The following day, Defendant filed a motion to stay the entry of the proposed scheduling order. Docket No. 21. Defendant requested a stay of discovery pending resolution of its motion to stay the case. *Id*. at 2.

On October 10, 2023, Plaintiff filed a motion to compel certain discovery. Docket No. 23. Plaintiff propounded its First Set of Interrogatories and First Set of Requests for Documents on Defendant on August 31, 2023, and Defendant failed to respond. Docket No. 23 at 2. Plaintiff's motion stated that Defendant did not intend to provide responses to the requested discovery pending the resolution of its motion to stay the case. *Id*. In response, Defendant filed a

---

[1] The undersigned only addresses the discovery-related motions herein and does not reach the merits of the pending motion to stay the case.

1

countermotion for protective order to stay discovery pending resolution of its motion to stay the case to avoid unnecessary costs and expenses. Docket No. 25 at 5.

On November 15, 2023, the Court denied Defendant's motion to stay discovery and countermotion for protective order and granted Plaintiff's motion to compel. Docket No. 30 at 6. The Court found that Defendant filing a pending motion to stay the case does not suffice to stay discovery. *Id*. at 4. Further, the Court found that Defendant had, in effect, granted itself a stay of the case and discovery in failing to engage in discovery. *Id*. The Court ordered Defendant to respond to Plaintiff's First Set of Interrogatories and Requests for Documents no later than November 29, 2023. *Id*. at 6.

Plaintiff now seeks an order to show cause why Defendant should not be sanctioned for failing to comply with the Court's order. Docket No. 31. Plaintiff submits that Defendant failed to comply with the Court's deadline of November 29, 2023, to provide responses to Plaintiff's First Set of Interrogatories and Requests for Documents. *Id*. at 5. Further, Plaintiff submits that even when Defendant provided its responses, it failed to substantively respond to the discovery requests and based its objections on the Local Patent Rules and the fact that a stipulated protective order had not been entered. *Id*. at 5-6. Plaintiff argues that these objections are baseless because the parties previously agreed that the Local Patent Rules did not apply in this case and, further, it had previously sent Defendant a proposed protective order to which Defendant failed to respond. *Id*. at 7. Plaintiff now seeks an order to show cause why Defendant should not be sanctioned for failing to comply with the Court's order, as well as an award of reasonable costs and fees. *Id*. at 7-9.

In response, Defendant submits that the instant motion is a motion to compel fashioned as a motion for an order to show cause and that Plaintiff failed to engage in a meet and confer prior to filing it. *Id*. at 2-7. Defendant submits that, although its responses were untimely, it complied with the Court's prior order and properly objected to the discovery requests. *Id*. at 8-13. Finally, Defendant submits that it should be awarded costs and fees in preparing a response to the instant motion because Plaintiff intentionally disregarded the meet and confer requirements in violation of the Court's Local Rules. *Id*. at 13.

In reply, Plaintiff counters that a meet and confer was not required prior to the filing of its motion for an order to show cause. Docket No. 35 at 4-6. Plaintiff maintains that Defendant's objections to certain discovery requests pursuant to the Local Patent Rules and lack of a stipulated protective order are meritless and inconsistent with Defendant's actions in this case. *Id*. at 6-9. Further, Plaintiff argues its motion to compel was already granted and, therefore, asks the Court to order Defendant to show cause why it should not be sanctioned for failing to provide substantive responses to Plaintiff's discovery requests. *Id*. at 9.

## II. DISCUSSION

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Federal Rules of Civil Procedure "should be constructed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Under its inherent power, the Court may assess attorneys' fees or other sanctions for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 43. A party disobeys a court order if it fails to take all reasonable steps within its power to ensure compliance with the Court's order. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146-47 (9th Cir. 1983).

Defendant has violated the Court's order compelling it to respond to Plaintiff's discovery requests for several reasons. Docket No. 30. First, Defendant's attempts to extend the Court-ordered deadline were deficient because Defendant failed to request an extension from the Court. *See* Fed. R. Civ. P. 29(b). Second, the Court previously granted Plaintiff's motion to compel, wherein the meet and confer requirement was satisfied. *See* Docket No. 30. The Court finds that a meet and confer was not required prior to the filing of the instant motion. Finally, Defendant's objections are unfounded. Based on the troubled procedural history of this case, the Court is

concerned that Defendant continues to delay discovery and prevent the speedy resolution of this case.[2]

### IV. CONCLUSION

For the reasons more fully discussed above, Plaintiff's motion for an order to show cause is **GRANTED** in part. Docket No. 31. Defendant is **ORDERED** to show in cause in writing no later than April 3, 2024, why monetary sanctions should not be imposed.[3] The parties are hereby **ORDERED** to file a stipulated protective order no later than March 20, 2024. Defendant is further **ORDERED** to produce any responsive discovery that has been requested but not yet produced, no later than April 3, 2024.

IT IS SO ORDERED.

Dated: March 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] During the pendency of this motion, Plaintiff filed an unopposed motion to extend the case management deadlines. Docket No. 36. The motion revealed that the parties had essentially conducted no discovery during the entire discovery period. *See id*. at 2. The Court consequently denied the parties' request and found that the parties have not acted diligently. Docket No. 37 at 1-2. Defendant's failure to substantively respond to discovery, in violation of the Court's prior order, has delayed the proceedings in this case.

[3] The Court **DENIES** Defendant's request for an award of costs and fees in preparing its response to Plaintiff's motion.